# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Ray James,<br><br>    Plaintiff,<br><br>v.<br><br>Wells Fargo Bank NA, *et al.*,<br><br>    Defendants. | No. CV-17-00826-PHX-JJT<br><br>**ORDER** |

At issue are Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Complaint (Doc. 8, MTD), to which *pro se* Plaintiff Rodney Ray James filed a Response (Doc. 14, Resp.) and Defendant filed a Reply (Doc. 15, Reply); and Defendant's Motion to Quash *Lis Pendens* (Doc. 16), to which Plaintiff did not respond.

**I.    BACKGROUND**

The facts relevant to the pending Motions are as follows: In July 2007, Plaintiff borrowed $90,800 from Defendant to purchase a home in Casa Grande, Arizona. The loan, and Plaintiff's promise to repay it, were memorialized in a Note secured by a Deed of Trust recorded on June 18, 2008.[1] (MTD Ex. A.) In December 2012, Defendant substituted Quality Loan Service Corporation ("Quality") as the Trustee under the Deed of Trust. (MTD Ex. B.) In 2014, Plaintiff and Defendant entered into a Loan Modification Agreement, recorded on September 2, 2014. (MTD Ex. C.) On

---

[1] The Court takes judicial notice of the publically recorded documents that form the documentary history of the transactions at issue in this case.

November 22, 2016, Plaintiff recorded a document entitled "Notice of Revocation of and Collapse of Deed of Trust," whereby Plaintiff purported to declare a unilateral revocation of the Deed of Trust. (MTD Ex. D.) Following Plaintiff's failure to make his loan payments, Defendant and Quality sold the property at a Trustee's Sale on February 21, 2017. (MTD Ex. E.)

On February 17, 2017, Plaintiff filed suit in Arizona state court, raising four claims against Defendant: (1) Defendant lacks standing as "Creditor in Fact" under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); (2) Defendant "has not presented lawful, authenticated evidence supporting [Defendant's] claim of beneficial interest;" (3) Defendant violated the FDCPA; and (4) a request for emergency stay or Temporary Restraining Order to vacate proposed sale for lack of standing. (Doc. 1-1 at 2-7, Compl.) Plaintiff served Defendant with the Summons and Complaint on February 24, 2017. (Doc. 1-1 at 31.)

Defendant removed the case to this Court on March 17, 2017. (Doc. 1.) The Court held hearings on March 20, 2017 (Doc. 5), and April 11, 2017 (Doc. 10), and denied as moot Plaintiff's request for injunctive relief (Count 4), including his request to vacate the Trustee's Sale, because it already occurred on February 21, 2017, and Plaintiff served the Complaint on Defendant in this matter three days later, on February 24, 2017. *See* A.R.S. § 33-811(C) (providing trustor waives all defenses and objections to trustee's sale if injunction not obtained prior to sale).

Defendant now moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) and to quash the *lis pendens* on the property.

## II. LEGAL STANDARD

Rule 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations [] it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc*., 12 F.Supp.2d 1035, 1042 (C.D. Cal. 1998). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## III. ANALYSIS

### A. Counts 1 and 3 – FDCPA

The Court finds it nearly impossible to discern from the Complaint how Plaintiff believes Defendant violated the FDCPA because the allegations contained in Counts 1 and 3 are anything but the "plain statement of the claim showing that the pleader is entitled to relief" required by Rule 8.

Even if Plaintiff were able to cure this deficiency in an amended complaint, however, the claim cannot stand. "As a threshold matter, the FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt." *Mansour v. Cal–Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). This Court has held that "mortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA." *Id.* Thus, the Court must dismiss Plaintiff's FDCPA claims (Counts 1 and 3) with prejudice.

### B. Count 2 – Show Me the Note

Although Count 2 is as unclear as Counts 1 and 3, Plaintiff appears to base the claim on the allegation that Defendant "has not presented lawful, authenticated evidence supporting [Defendant's] claim of beneficial interest." The Supreme Court of Arizona and this Court have rejected the "show me the note" or "holder of the note" argument repeatedly. *See, e.g., Hogan v. Washington Mutual Bank, N.A.*, 277 P.3d 781, 782-83 (Ariz. 2012) (holding that "Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure."); *Diessner v. MERS*, 618 F.Supp.2d 1184, 1187 (D. Ariz. 2009) (holding that defendants had no obligation to prove they are the "owner of the Note and Deed of Trust."). While a creditor seeking to directly enforce the note in the face of default under a Uniform Commercial Code action would be required to prove its authority, Arizona's non-judicial foreclosure statutory scheme was created specifically to avoid the time and expense of that cumbersome procedure. Under A.R.S. §§ 33-801

*et seq.*, when the parties have executed a deed of trust and the debtor thereafter defaults on the promissory note, a beneficiary or trustee need not prove they are entitled to enforce the note or deed before holding a non-judicial foreclosure sale. That party merely must do two things: record the notice of trustee's sale pursuant to Section 33-808; and then send the trustor notice of the default, signed by the beneficiary or his agent, setting forth the unpaid principal balance. A.R.S. § 33-809(C); *Hogan*, 277 P.3d at 783.

In any event, the judicially noticed documents demonstrate that Defendant and Quality were entitled to enforce the underlying Note, and Plaintiff's purported unilateral revocation of the Deed of Trust had no legal effect. (MTD Exs. A, B, C.) The Court will therefore dismiss Count 2 with prejudice.

### C. *Lis Pendens*

Defendant moves to quash the *lis pendens* because Plaintiff has not stated a valid claim and is unable to do so. Plaintiff did not oppose the Motion. Because the Court dismisses this action in its entirety with prejudice, no legal action remains pending and the Court must quash the *lis pendens*. *See Gray v. Fed. Nat'l Mort. Ass'n*, No. CV-12-08220-PCT-JAT, 2013 WL 1149781, at *4 (D. Ariz. Mar. 19, 2013).

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss Complaint (Doc. 8). Plaintiff's claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** granting Defendant's Motion to Quash *Lis Pendens* (Doc. 16).

**IT IS FURTHER ORDERED** quashing, cancelling, and releasing the Notice of *Lis Pendens* recorded with the Pinal County Recorder's Office on February 17, 2017, fee number 2017-011128, regarding the following real property:

**Legal Description:**
> EAST 5 FEET OF LOT 21 ALL OF LOT 20 WESTERN MANOR AMENDED, ACCORDING TO BOOK 10 OF MAPS, PAGE 16, RECORDS OF PINAL COUNTY, ARIZONA. EXCEPT THE EAST 7 FEET OF LOT 20 SUBJECT TO RESERVATIONS IN PATENTS AND ALL EASEMENTS, RIGHTS OF WAY, COVENANTS, CONDITIONS, RESTRICTIONS AS MAY APPEAR OF RECORD

**Address:** 1379 West Tulip Place, Casa Grande, Arizona 85222

1     **IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 27th day of March, 2018.

_____
Honorable John J. Tuchi
United States District Judge